**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SIMON F.B.S,

Petitioner,

Civil No. 26-3968 (JRT/LIB)

v.

ERIC TOLLEFSON, *Sheriff of Kandiyohi County Jail*;

DAVID EASTERWOOD, *Field Office Director*;

SIRCE E. OWEN, *Director Executive Office for Immigration Review*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID VENTURELLA, *Acting Director of Immigration and Customs Enforcement*; and

TODD BLANCHE, *Attorney General, U.S. Department of Justice*,[1]

Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Simon F.B.S., A#22-965-963, Kandiyohi County Jail, 2201 23rd Street NE, Wilmar, MN 56201, *pro se* Petitioner.

David W. Fuller and Pedro Del Valle, IV, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

---

[1] Automatically substituted for predecessor under Fed. R. Civ. P. 25.

Petitioner Simon F.B.S. was arrested and detained by immigration officials on July 24, 2024. Simon F.B.S. petitions for writ of habeas corpus, arguing that he is being detained unlawfully. Because the Court concludes that Simon F.B.S. was arrested pursuant to an invalid warrant, the Court will grant his petition and will order his immediate release.[2]

**BACKGROUND**

Petitioner Simon F.B.S. is a citizen of Mexico. (Decl. of Karsten Anderson ("Anderson Decl.") ¶ 4, Sept. 16, 2026, Docket No. 6.) Petitioner has a child who is a U.S. Citizen and has no prior criminal history. (Pet. Writ of Habeas Corpus ("Pet.") at 6, Sept. 11, 2026, Docket No. 1.; Anderson Decl., Ex. A at 1-2.)

On August 9, 2020, United States Border Patrol encountered Petitioner and expelled him to Mexico "under the provision of title 42 related to COVID-19 precautionary measures." (Anderson Decl. ¶ 5.)[3] On an unknown date later in 2020, Petitioner re-entered the United States. (Pet. at 6.) On July 19, 2026, Petitioner was arrested by the Burleigh County Sheriff's Department in North Dakota for an expired vehicle registration

[2] The Court declines to reach Petitioner's claim under the Fifth Amendment.

[3] Respondents clarified in their briefing that the relevant statute was 42 U.S.C. § 265, which authorized the Surgeon General to suspend entry into the United States during the COVID-19 pandemic. The Court agrees with Respondents and concludes that because this was an expulsion pursuant to the Surgeon General's authority under 42 U.S.C. § 265, such expulsion does not constitute a prior removal under 8 U.S.C. § 1231(a)(5). *See also Atz v. Noem*, 823 F.Supp.3d 253, 258 (E.D.N.Y. 2026) ("[42 U.S.C. § 265] contains no language indicating that its removal authority has immigration implications.")

and driving with a suspended license. (Anderson Decl. ¶ 6.) The Burleigh County Sheriff's Department contacted Immigration and Customs Enforcement and Enforcement Removal Operations ("ICE/ERO") to inform the agencies that "Petitioner did not speak English and only had a Mexican Identification card." (*Id.* ¶ 8.) The Sheriff's Department then transported Petitioner, who was still under arrest for the traffic violations, to the Burleigh Morton Detention Center. (*Id.* ¶ 10.)

On July 19, 2026, ICE/ERO issued a Form I-200 Warrant for Arrest of Alien. (*Id.* ¶ 12, Ex. C.) On July 24, 2026, ICE/ERO issued Petitioner a Notice to Appear ("NTA"), placing him in removal proceedings. (*Id.* ¶ 13, Ex. B.) On July 24, 2026, Petitioner was served a copy of both the Form I-200 and the NTA. (*Id.* ¶ 14.) On August 27, 2026, Petitioner was ordered removed to Mexico by an Immigration Judge. (*Id.* ¶ 15, Ex. D.) Petitioner has not yet filed a Notice of Appeal, but he did reserve his right to appeal. (*Id.* ¶ 17 & Ex. D.)

On an unknown date following Petitioner's initial arrest in North Dakota, Petitioner was transferred to the Kandiyohi County Jail in Wilmar, Minnesota, where he remains detained. (Pet. at 1.)

## DISCUSSION

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A).[4] However, Respondents did not arrest Petitioner under 8 U.S.C. § 1225(b)(2). Indeed, until Petitioner filed his habeas petition, Respondents represented to him that he was **not** subject to mandatory detention under § 1225(b)(2) because they invoked the discretionary detention provisions of 8 U.S.C. § 1226 in the Form I-200 administrative warrant. The warrant was directed to: "Any immigration officer authorized pursuant to sections 236 [8 U.S.C. § 1226] and 287 [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Anderson Decl. ¶ 12, Ex. C.) Because Respondents represented to Petitioner that his arrest was based on § 1226(a), the Court will hold Respondents to those representations. *See, e.g.*, *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 970 (D. Minn. 2025). The Court will therefore consider Petitioner subject to the discretionary detention framework set forth in 8 U.S.C. § 1226.

[4] "Respondents" here includes only Federal Respondents as no response was submitted on behalf of Eric Tollefson.

Respondents argue that Petitioner is not entitled to release because a warrant was issued prior to Petitioner's arrest. Respondents, however, do not address the validity of the warrant issued.[5]

To begin, § 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." In other words, to detain a noncitizen under § 1226(a), a warrant is required. *See Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." (citation omitted)). Therefore, Respondents are correct in identifying that a lawful arrest requires a preceding warrant.

However, according to the Department of Homeland Security's own regulations, a Form I-200 administrative warrant authorizes arrest of a non-citizen when it is issued "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b). Therefore, Respondents can only arrest non-citizens using a Form I-200 if it is issued **at the same time or after issuance of the NTA**. *See* 8 U.S.C. § 1226, 8 C.F.R. § 236.1(b)(1).

Upon review of the record, it is clear that Respondents issued the Form I-200 **before** issuing the NTA. Respondents issued the Form I-200 on July 19, 2026. (Anderson

[5] The Court notes that Petitioner is not detained pursuant to a final order of removal. Rather, because Petitioner's time to appeal has not yet passed, the immigration judge's removal order is not "final." *See* 8 U.S.C. § 1101(47)(A)-(B).

Decl. ¶ 12, Ex. C.) Respondents issued the NTA on July 24, 2026—five days after the Form I-200 was issued. (*Id.* ¶ 13, Ex. B.) The Court therefore concludes that Petitioner's arrest was unlawful because the arrest was made pursuant to an invalid warrant.

Because Respondents failed to comply with federal immigration law and regulations when arresting and detaining Petitioner, release is the proper remedy. *See Hector J.A.S. v. Shea*, Civ. No. 26-2242, 2026 WL 1243500, at *3 (D. Minn., May 6, 2026) (ordering petitioner's release where arrest was made pursuant to an invalid warrant). Accordingly, the Court will grant Simon F.B.S.'s petition for writ of habeas corpus and order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Simon F.B.S.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

2. Respondents must release Petitioner with all personal effects, such as identification documents, passports, or other immigration documents, and **without conditions** such as location tracking devices.

3. The parties shall provide the court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on September 24, 2026**.

Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation by **no later than 5:00 pm on September 29, 2026**.

DATED: September 22, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge